NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 25

No. 2018-138

In re Appeal of Sharon McSweeney

Supreme Court

On Appeal from
Human Services Board

February Term, 2019

Charles Gingo, Chair

Richard Edward McCormick of Johnson Law Group International, PLLC, Burlington, for
  Petitioner-Appellant.

Thomas J. Donovan, Jr., Attorney General, Montpelier, and Jared C. Bianchi, Assistant Attorney
  General, Waterbury, for Respondent-Appellee.


PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.    **ROBINSON, J.**    Petitioner challenges a Human Services Board decision that affirmed an adoption-assistance subsidy calculated by the Department for Children and Families (DCF) for petitioner's adopted son once he turned eighteen.  We affirm.

¶ 2.    The facts are not substantially disputed.  Petitioner and her spouse adopted their son through DCF in 2003.  As part of the adoption process, petitioner entered into an adoption-assistance agreement with DCF, which provided for a daily subsidy payment of $50.69.  Per the agreement's terms, both the adoptive parent and DCF had to agree to any changes.  The agreement contained the following provision concerning its termination:

Termination will occur in any of the following circumstances:

. . .

D. when the child reaches the age of 18. If the child has a documented mental or physical handicap which warrants continuation, adoption assistance payments may be provided until the child reaches his or her 21st birthday. Payments past the 18th birthday of the adopted child shall continue only upon waiver from the commissioner of the Department or designate . . . .

¶ 3. Shortly before the child turned eighteen, DCF notified petitioner that the existing agreement would terminate on the child's birthday. In the February 2017 notification letter, DCF explained that the child might be eligible for an "Over Age 18 Adoption Assistance Agreement" if the child had been diagnosed with a lifelong physical or mental disability, and it described the application process. In a March 2017 letter, DCF offered petitioner what it characterized as a "separate" and "over-age-18" adoption-assistance agreement at a daily rate of $27.59. The new rate was the maximum available standard rate for children in foster care. Petitioner appealed the amount of the subsidy to the Board.

¶ 4. The Board affirmed DCF's decision. As it explained, adoption assistance is a joint federal-state program, falling under both federal and state law and policy. Federal law provides that the amount of adoption assistance "shall be determined by agreement between the adoptive parents and the State or local agency administering the program" and that the amount may not "exceed the foster care maintenance payment which would have been paid" had the child been in a foster home. 42 U.S.C. § 673(a)(3). The subsidy ends when the child turns eighteen, "or such greater age as the State may elect under section 675(8)(B)(iii)" or turns twenty-one "if the State determines that the child has a mental or physical handicap which warrants the continuation of assistance." Id. § 673(a)(4)(A)(i).

¶ 5. The Board concluded that DCF's practice and policy was to allow for under-eighteen subsidies that might exceed the standardized foster care rate, depending on a child's needs, but to limit over-eighteen subsidies to the standardized foster care rate. It concluded that the agreement itself, as well as DCF policy, afforded DCF discretion as to whether to continue benefits beyond the age of eighteen.

¶ 6. The Board rejected petitioner's claim that she was legally entitled to continue receiving the same adoption subsidy that she had received prior to her son's eighteenth birthday because the continued benefits were essentially an extension of the (initial) adoption-assistance agreement, and subsidies should thus continue at the same (under-eighteen) rate. The Board noted that the agreement itself and DCF policy were silent about whether the over-eighteen assistance would continue at the same rate. But the question of whether assistance would continue at all was clearly left to DCF's discretion, and the under-eighteen adoption-subsidy agreement plainly stated that it would terminate when the child reached eighteen.

¶ 7. The Board found that DCF did in fact terminate the under-eighteen agreement here and offered a new and separate over-eighteen agreement, consistent with the terms of the under-eighteen agreement and with DCF policy. Accordingly, the Board affirmed DCF's decision. See 3 V.S.A. § 3091(d) ("The Board shall not reverse or modify Agency decisions which are determined to be in compliance with applicable law . . . ."); Fair Hearing Rule No. 1000.4D, Code of Vt. Rules 13 020 002, http://www.lexisnexis.com/hottopics/codeofvtrules (describing scope of Board's authority). Petitioner appealed.

¶ 8. On appeal, petitioner does not argue that DCF's reduction of the subsidy amounts after the child turned eighteen violated the parties' initial adoption-subsidy agreement or DCF's

policy and practice.[1]  Instead, petitioner primarily asserts that federal law prohibits DCF from unilaterally modifying the amount of the adoption-assistance subsidy when the child turns eighteen; petitioner maintains that DCF must negotiate the amount with the adoptive parents. Accordingly, petitioner essentially argues that DCF's established practice of terminating adoption-assistance agreements when a child turns eighteen, and then entering into new agreements with new terms when it decides to pay benefits beyond the child's eighteenth birthday, violates federal law.  In support of this argument, petitioner relies on 42 U.S.C. § 673(a)(3).

¶ 9.    Section 673(a)(3) provides:

> The amount of the payments to be made in any case under [the applicable section] shall be determined through agreement between the adoptive parents and the State or local agency administering the program under this section, which shall take into consideration the circumstances of the adopting parents and the needs of the child being adopted, and may be readjusted periodically, with the concurrence of the adopting parents (which may be specified in the adoption assistance agreement), depending upon changes in such circumstances.  However, in no case may the amount of the adoption assistance payment . . . exceed the foster care maintenance payment which would have been paid during the period if the child with respect to whom the adoption assistance payment is made had been in a foster family home.

¶ 10.    We conclude that § 673(a)(3) does not preclude DCF from adopting a policy, and entering into adoption-assistance agreements, pursuant to which DCF offers reduced adoption-assistance subsidies to adoptive parents of qualifying children over eighteen.  Our conclusion rests

---

[1]  As noted above, the written agreement between DCF and petitioner specifically states that the agreement terminates "when the child reaches the age of 18," and reflects only that adoption-assistance payments "may" be provided until the child reaches his or her twenty-first birthday.  That is consistent with DCF's established policies.  See Family Services Policy Manual, Policy 193, "Adoption Subsidy," https://dcf.vermont.gov/fsd/policies [https://perma.cc/2VPH-BVGD] (providing that DCF may enter into agreement to provide assistance for adoptees over eighteen and until they reach twenty-one when adoptee has lifelong disability that limits activities of daily living as determined by medical professional and when other requirements are satisfied).

4

primarily on the fact that DCF's extension of benefits after a child turns eighteen is itself within DCF's discretion. Given that Congress provided states with discretion as to whether to provide any benefits to children over eighteen, it would be incongruous to conclude that Congress intended that if a state elects to provide such benefits, it must maintain a particular level of benefits.

¶ 11. For purposes of the adoption-assistance subsidies, federal law defines a "child" generally to mean "an individual who has not attained eighteen years of age." Id. § 675(8)(A). A state, at its "option," may extend the definition to include other specified classes of individuals. Id. § 675(8)(B). The statute describing the adoption-and-guardianship-assistance program provides that payments may not be made to adoptive parents with respect to a child "who has attained (I) 18 years of age, or such greater age as the State may elect under section 675(8)(B)(iii) of this title; or (II) 21 years of age, if the State determines that the child has a mental or physical handicap which warrants the continuation of assistance." Id. § 673(a)(4)(A)(i). The statute does not compel states to provide benefits beyond the age of eighteen but gives them discretion to continue benefits until the adoptee turns twenty-one if warranted.

¶ 12. In this case, where, among other things, there is no claim of an unconstitutional condition or otherwise improper distinction, the following maxim applies: "in laws conferring power, the greater authority implies the lesser of the same nature." Foster v. Foster, 56 Vt. 540, 550 (1884). It would not make sense, given the purpose of the federal statute, to read § 673 to suggest that a state can cut off benefits altogether when a child turns eighteen but cannot at that juncture provide reduced benefits calculated pursuant to a different, and lesser, benefit schedule. This interpretation would deter states from providing over-eighteen subsidies at all. See, e.g., Knollwood Bldg. Condos. v. Town of Rutland, 166 Vt. 529, 544, 699 A.2d 31, 41 (1997)

(declining to construe statute in way that would undermine its primary purpose).[2]  We therefore reject petitioner's argument.

      Affirmed.

FOR THE COURT:

                                                      _____

                                                      Associate Justice

---

[2] Finally, we reject petitioner's unpreserved argument that the over-eighteen adoption-assistance agreement is unenforceable because the subsidy it provides is unconscionably low.  We do not entirely understand the argument—if the agreement were unconscionable and therefore unenforceable, there would be no basis for petitioner to receive over-eighteen benefits at all.  What petitioner really wars with is DCF's policy of limiting over-eighteen benefits, not the agreement embodying that policy.  Because the agreement here comports with state and federal law as to the amount of benefits provided, it is not in any event unconscionable.